IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
GREENVILLE DIVISION

| | |
|---|---|
| Christy Melanie Adams,<br><br>PLAINTIFF<br><br>v.<br><br>Nancy A. Berryhill, Acting Commissioner of Social Security,<br><br>DEFENDANT | Case No. 6:16-1721-TLW-KFM<br><br><br>**ORDER** |

Plaintiff Christy Melanie Adams brought this action pursuant to 42 U.S.C. § 405(g), seeking judicial review of a final decision of the Commissioner of Social Security denying disability benefits. ECF No. 1. This matter is before the Court for review of the Report and Recommendation (R&R) filed by United States Magistrate Judge McDonald to whom this case was previously assigned pursuant to the provisions of 28 U.S.C. § 636(b)(1)(B) and Local Civil Rule 73.02(B)(2), DSC. ECF No. 20. In the R&R, the Magistrate Judge recommends affirming the Commissioner's decision. Plaintiff filed objections to the R&R, and the Commissioner replied. ECF Nos. 22, 23. This matter is now ripe for decision.

In reviewing the R&R, the Court applies the following standard:

> The magistrate judge makes only a recommendation to the Court, to which any party may file written objections . . . . The Court is not bound by the recommendation of the magistrate judge but, instead, retains responsibility for the final determination. The Court is required to make a de novo determination of those portions of the report or specified findings or recommendation as to which an objection is made. However, the Court is not required to review, under a de novo or any other standard, the factual or legal conclusions of the magistrate judge as to those portions of the report and recommendation to which no objections are addressed. While the level of scrutiny entailed by the Court's review of the Report thus depends on whether or not objections have been filed, in either case the Court is free, after review, to accept, reject, or modify any of the magistrate judge's findings or recommendations.

*Wallace v. Hous. Auth. of City of Columbia*, 791 F. Supp. 137, 138 (D.S.C. 1992) (citations omitted).

After a careful review of the R&R, the objections filed by Plaintiff, and the record related to the R&R and the objections, this Court accepts the Magistrate Judge's conclusion that the decision of the Administrative Law Judge (ALJ) is supported by substantial evidence. As noted in the R&R, the ALJ offered detailed analysis of the evidence upon which he based his findings concerning the credibility of Plaintiff's subjective complaints. Tr. 19-21. Additionally, the ALJ addressed the limited portion of the vocational expert's (VE) testimony that was not fully consistent with the Dictionary of Occupational Titles, and found this portion of the VE's testimony sufficient based on his education and expertise. Tr. 22-23. Finally, as stated by the Magistrate Judge, Plaintiff's obesity was not asserted as a ground for her disability and, to the extent it would have been more fully explained by the ALJ, there is no indication it would have resulted in a different Residual Functional Capacity than that which was was reached. ECF No. 20 at 18 (citing *Shaw v. Berryhill*, C.A. No. 5:16-01499-MGL, 2017 WL 2115579, at *3 (D.S.C. May 16, 2017)).

Therefore, this Court accepts the Magistrate Judge's position that substantial evidence supports the ALJ's findings. In light of the standard set forth in *Wallace*, Plaintiff's objections are overruled, and the R&R is accepted. For the reasons articulated by the Magistrate Judge, the Commissioner's decision is AFFIRMED.

IT IS SO ORDERED.

*s/ Terry L. Wooten*
Chief United States District Judge

September 8, 2017
Columbia, South Carolina